RECEIPT # 404494
AMOUNT $ 150.00
SUMMONS ISSUED ✓
LOCAL RULE 4.1 ✓
WAIVER FORM ✓
MCF ISSUED ✓
BY DPTY. CLK. [signature]
DATE 1-18-05

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS
(CENTRAL SECTION)

| | |
|---|---|
| ANGEL GUARD PRODUCTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> HOPKINS MANUFACTURING COMPANY, INC. <br><br> Defendant. | CIVIL ACTION NO. <br> BBO # 546481 <br><br> 05-40009 FDS |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Angel Guard Products, Inc., by and through its attorney, alleges and aver as follows:

### THE PARTIES

1. Angel Guard Products, Inc. ("Angel Guard") is a corporation organized and existing under the laws of Massachusetts. Angel Guard's principal place of business is in Worcester, Massachusetts. Angel Guard manufactures a snow rake, having a generally rectangular main body formed of closed cell low density foam, which main body is clamped between two spaced parallel plates, to one of which a handle is attached.

2. Defendant Hopkins Manufacturing Company, Inc. ("Hopkins") is an entity organized and existing under the laws of the State of Kansas.

### JURISDICTION AND VENUE

3. This action for patent infringement arises under the Patent Laws of the United States, Title 35, United States Code, including 35 U.S.C. §§ 271 and 281-285.

{J:\CLIENTS\lit\011245\0100\00496026.DOC;1}

4. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. § 1338(a).

5. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b).

## PATENT IN SUIT

6. On November 26, 1991, U.S. Patent No. 5,067,197, entitled "Snow Rake" ("the '197 Patent") was duly and legally issued to inventor Frederick P. Cormier ("Cormier"). A copy of the '197 Patent is attached hereto as Exhibit A.

7. Cormier has transferred to Angel Guard the exclusive right to manufacture and sell products incorporating the invention described in the '197 Patent.

## COUNT I
### (Direct Infringement)

8. The allegations of paragraphs 1 through 7 above are repeated and realleged as if set forth fully herein.

9. Upon information and belief, Defendant Hopkins has infringed and is presently infringing the '197 Patent by making, using, selling, importing and/or offering to sell within the United States, and within the Judicial District, products that employ the invention of the '197 Patent and will continue to do so unless enjoined by this Court.

10. Upon information and belief, the infringement by Hopkins has been willful and deliberate.

11. Plaintiff has been damaged as a result of the infringing activities of Hopkins and will continue to be damaged unless such activities are enjoined by this Court.

## COUNT II
### (Active Inducement of Infringement)

12. The allegations of paragraphs 1 through 11 above are repeated and realleged as if fully set forth herein.

13. Upon information and belief, Hopkins has infringed and is presently infringing the '197 patent by actively inducing others to infringe the asserted patent within the United States, and within this Judicial District, and will continue to do so unless enjoined by this Court.

14. Upon information and belief, Hopkins' inducement of infringement has been willful and deliberate.

15. Plaintiff has been damaged as a result of Hopkins infringing activities and will continue to be damaged unless such activities are enjoined by this Court.

## COUNT III
### (Unfair Competition)

16. The allegations of paragraphs 1 through 15 above are repeated and realleged as if fully set forth herein.

17. Hopkins was aware of the fact that Plaintiff's product had been sold utilizing the inventions of the '197 patent, had been well received in the marketplace and was highly successful.

18. Plaintiff is informed and believes that Hopkins purchased one of the Plaintiff's units and contracted with an overseas manufacturer to copy the product and its packaging.

19. The packaging utilized by Hopkins for its infringing product contains a duplication of photographs used on the packaging for the Plaintiff's product.

20. Hopkins uses in its marketing and packaging the product name "Snow Rake" and falsely represents to the marketplace that it owns the trademark in that name.

21. Snow Rake is a generic term that describes the product and was used by the Plaintiff before the Defendant.

22. As a result of the above described conduct, Hopkins has engaged in unfair and deceptive business practices in violation of state and federal law.

23. Plaintiff and Defendant are engaged in trade or commerce under the meaning of M.G.L. ch. 93A.

24. Defendant's conduct as described above has been willful and intentional.

25. Plaintiff has been damaged in an amount to be determined at trial by Defendant's unfair and deceptive business practices.

WHEREFORE, Angel Guard prays for judgment and relief including: (a) a declaration that Hopkins has infringed the '197 Patent; (b) an injunction against Hopkins' continued infringement of '197 Patent; (c) an accounting for damages resulting from Hopkins' infringement and that the damages so ascertained be trebled because of the willful and deliberate nature of Defendant' conduct; (d) an assessment of interest on the damage so computed; (e) an award of Angel Guard's attorneys fees and costs of this action; and (f) such other and further relief as this Court deems just and appropriate.

**PLAINTIFF ANGEL GUARD DEMANDS A TRIAL BY JURY
ON ALL ISSUES SO TRIABLE.**

Respectfully submitted,

ANGEL GUARD PRODUCTS, INC.,
By its attorney,

Louis M. Ciavarra (BBO#546481)
Bowditch & Dewey, LLP
311 Main Street
P.O. Box 15156
Worcester, MA 01615-0156
Telephone: (508) 926-3408
Facsimile:  (508) 929-3011

Dated: January 18, 2005



# United States Patent [19]

Cormier

[11] Patent Number: 5,067,197
[45] Date of Patent: Nov. 26, 1991

[54] SNOW RAKE

[76] Inventor: Frederick P. Cormier, 10 Overlook Dr., Spencer, Mass. 01562

[21] Appl. No.: 588,611

[22] Filed: Sep. 26, 1990

[51] Int. Cl.⁵ .................................................. A47L 13/46
[52] U.S. Cl. .............................................. 15/244.1; 15/245; 37/285; 294/54.5; 403/408.1
[58] Field of Search ................ 15/117, 121, 236.01, 15/236.02, 236.05, 244.1, 244.2, 245; 403/373, 405.1, 408.1; 37/278, 284, 285; 56/400.01, 400.04, 400.16–400.18; 294/54.4

[56] References Cited

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 302,832 | 7/1884 | Ferguson | 15/245 |
| 1,395,863 | 11/1921 | Nelson | 15/245 |
| 1,574,666 | 2/1926 | Lynch | 15/245 |
| 1,747,180 | 2/1930 | Raynor | 15/245 |
| 1,750,845 | 3/1930 | Lach . | |
| 2,284,528 | 5/1942 | Malmquist | 15/245 |
| 2,639,454 | 5/1953 | Dory | 15/245 |
| 2,728,099 | 12/1955 | Cocco | 15/245 |
| 2,880,443 | 4/1959 | Le Febvre | 15/244 |
| 2,946,076 | 7/1959 | Morgan . | |
| 3,274,635 | 9/1966 | Myers | 15/244 |
| 3,649,987 | 3/1972 | Tomingas | 15/245 |
| 3,717,898 | 2/1973 | Jones . | |
| 4,103,383 | 8/1978 | Martin | 15/245 |
| 4,114,224 | 9/1978 | Disko . | |
| 4,317,250 | 2/1982 | Shutts . | |
| 4,321,724 | 3/1982 | Samuels | 15/245 |
| 4,547,011 | 10/1985 | Stewart, Jr. . | |
| 4,550,943 | 11/1985 | Mirto . | |
| 4,848,819 | 7/1989 | Moorefield . | |
| 4,947,562 | 8/1990 | Williamson . | |

FOREIGN PATENT DOCUMENTS

258072  3/1913  Fed. Rep. of Germany ... 403/408.1

Primary Examiner—Timothy F. Simone
Assistant Examiner—Mark Spisich
Attorney, Agent, or Firm—Blodgett & Blodgett

[57] ABSTRACT

Snow rake having a generally rectangular main body formed of a closed-cell, resilient, low-density polyethylene bead, which main body is clamped between two spaced, parallel plates to one of which a handle is attached.

8 Claims, 2 Drawing Sheets





Fig.1



Fig.2

Fig.3



Fig.4



5,067,197

1

# SNOW RAKE

## BACKGROUND OF INVENTION

In those portions of the world where snow falls frequently during the winter months, the problem arises that it is necessary and desirable to remove freshly-fallen snow from various places, including house roofs, playing surfaces, and particularly things with sensitive, polished surfaces. Such surfaces exist, for instance, in connection with the painted horizontal parts of an automobile. Any attempt to remove the snow from an automobile can cause unsightly scratches on the highly-finished hood, trunk, and roof. Not only do such scratches give the automobile a shabby appearance, but the penetration of the coat of paint can start rust action that eventually can cause deterioration of the sheet metal underlying the paint. The problem is particularly acute at an automobile sales agency, because the automobiles are commonly stored and displayed in the open air; at the same time, in order to attract customers, it is necessary to remove the new snow immediately. This is true, not only because of the need to display the vehicles attractively, but because the failure to remove the snow often leads to the snow melting during the daytime and then freezing during the night, so that the accumulation becomes extremely difficult to remove later without damaging the finish of the automobiles.

Devices have been developed in the past to remove such an accumulation of snow, but they have not been entirely suitable for a number of reasons. For instance, they have been constructed in the manner shown in the patent of SHUTTS U.S. Pat. No. 4,317,250, in which the 2-part construction can come apart at the seams so that cracks and crevices appear along the scraping edge and these crevices tend to accumulate dirt and ice crystals; these act like grit particles and can scratch a polished paint surface. In the case of new automobiles before they have been sold, the result is costly to the sales agency. The crevices also absorb water which freezes and damages the device, thus making the situation worse. In addition, the prior art snow removal devices have been expensive, because of complexities of manufacture and cost of materials. These and other difficulties experienced with the prior art devices have been obviated in a novel manner by the present invention.

It is, therefore, an outstanding object of the invention to provide a snow rake which will not injure delicate surfaces.

Another object of this invention is the provision of a snow rake having a scraping edge which has no cracks or crevices that can accumulate gritty materials.

A further object of the present invention is the provision of a snow rake whose operative edge combines strength with smoothness.

A still further object of the invention is the provision of a snow removal device which is simple and rugged in construction, which is inexpensive to manufacture from readily obtainable materials, and which is capable of a long life of useful service with a minimum of maintenance.

It is a further object of the invention to provide a snow rake which is constructed in such a way that considerable force can be applied to a snow accumulation without bending the operative parts of the rake.

2

Another object of the invention is the provision of a snow rake that can be neglected in the season when it is not used, but continues to retain its usefulness.

With these and other objects in view, as will be apparent to those skilled in the art, the invention resides in the combination of parts set forth in the specification and covered by the claims appended hereto.

## SUMMARY OF THE INVENTION

In general, the invention consists of a snow rake having a main body of generally elongated rectangular profile with the sides acting as scraping edges. An elongated handle is fastened to and extends perpendicularly of the main body. The main body is formed as a single integral piece from a closed-cell, low-density polymer, such as resilient polyethylene bead and the scraping edges are formed without cracks.

More specifically, the main body is clamped between two substantially smaller plates that are joined together through the main body. The handle is attached to one of the plates. The main body is provided with a back surface with angled portions from which the handle extends and with a front surface with angled portions. The scraping edges are generally formed at the intersections of the angular portions.

## BRIEF DESCRIPTION OF THE DRAWINGS

The character of the invention, however, may be best understood by reference to one of its structural forms, as illustrated by the accompanying drawings, in which:

FIG. 1 is a perspective view of a snow rake incorporating the principles of the present invention,

FIG. 2 is a plan view of the snow rake,

FIG. 3 is a side elevational view of the snow rake,

FIG. 4 is a partial sectional view of the snow rake, taken on the line IV—IV of FIG. 2,

FIG. 5 is an exploded perspective view of the snow rake,

FIG. 6 is a sectional view of the snow rake, taken on the line VI—VI of FIG. 4,

FIG. 7 is a somewhat enlarged sectional view of a portion of the snow rake, taken on the line VII—VII of FIG. 4.

## DESCRIPTION OF THE PREFERRED EMBODIMENT

Referring first to FIGS. 1-3, which best show the general features of the invention, the snow rake, indicated generally by the reference numeral 10, is shown as consisting of a main body 11 and a handle 14. The main body has a generally elongated rectangular shape with long sides constituting scraping edges 12 and 13. These scraping edges are formed smoothly without crevices or cracks.

The main body 11 is formed (in the preferred embodiment) by injection molding or the like as a single integral piece of closed-cell, low-density polyethylene. The material is known as "RMB" (resilient molded beads). This material is excellent because of consistency, tensile strength, and non-abrasive characteristics.

FIGS. 4 and 5 demonstrate the manner in which the main body 11 is clamped between two, substantially smaller rectangular rigid plates 15 and 16 that are joined together by elements extending through the main body. The handle 14 is attached to the plate 16.

As is particularly evident in FIG. 3, the main body 11 has a cross-sectional configuration in the general shape of a diamond, the handle 14 extending at a right angle

5,067,197

3

from a broad, flat back surface 17, the scraping edges 12 and 13 are formed by the intersection of angular surfaces 18 and 19 of the front surface with similar angular surfaces on the said back surface.

The enlarged cross-sectional view of the edge 12, shown in FIG. 7, shows that it is formed with a narrow flat surface 21 which extends at a right angle to the back surface 17 and which is joined to the back surface 17 and the angular surface 18 by rounded corner surfaces 23 and 22 respectively. In the preferred embodiment, the main body is 36" long, 1½" thick, and 12" wide.

In FIG. 5, it can be seen that the back plate 16 is provided with spaced tubular elements 24 and 25, while the front plate 15 is similarly provided with tubular elements 26 and 27. The tubular elements 24 and 26 are telescopingly joined and held together by a self-tapping screw 28. The tubular elements 25 and 27 are similarly joined in telescoping relationship and connected by a self-tapping screw 28.

The back plate 16 is provided with a central threaded tube 29 having a closed end 30 residing in an aperture 31 in the front plate 15. The handle 14 has a threaded portion 32 by which it is joined to the tube. The plates are injection molded of high-density polyethylene, which has excellent properties in cold weather. Each plate is approximately 2" wide and 12" long.

The main body 11 is formed with rectangular recesses 33 and 34 on the front and rear surfaces, respectively. The recesses are of the proper shape and size to completely envelope and receive the plates 15 and 16.

The operations and advantages of the invention will now be readily understood in view of the above description. Normally, the snow rake 10 would be sold (and, perhaps, even stored) with the main body 11 separate from the handle 14. In order to assemble the two parts, it is only necessary to thread the threaded portion 32 of the handle into the threaded tube 29. The assembled unit can then be used to rake or scrape snow from horizontal surfaces. It is particularly useful in cleaning the horizontal painted surfaces of an automobile, since it will not damage the sensitive painted surfaces. The scraping edges 12 or 13 can be passed over the surface, while the back surface 17 collects the snow. A considerable quantity of snow can be dragged from the surface without it slipping from the rake. On the other hand, because of the matched trapezoidal shapes of the front and back surfaces, the foamed polyethylene main body is quite rigid, so that substantial raking force can be applied without bending or breakage.

Now, the shape of the scraping edge is very important. To begin with, because the main body 11 is formed in one piece (instead of being laminated from two pieces), there is no possibility of seams splitting where the two pieces are joined. The result is that there are no crevices or small cavities that can accumulate dirt that might act as abrasive grits. Even ice crystals do not have an opportunity to form and be held in place as a scratching agent. Since the edges 12, 12a, 13 and 13a are formed with a blunt conformation, the edge has considerable transverse strength to resist bending and damage. As the rake advances over the polished surface of the hood of an automobile, for instance, the corner surfaces 22 and 23 are quite capable of scraping the surface clear of snow without themselves being worn by the action. The edges are unlikely to shred and become less effective, as has been the case with devices of this type that have been made from two or more pieces.

4

Because the main body 11 and the plates 15 and 16 are formed of inexpensive polymers, they can be manufactured cheaply. Assembly also requires very little hand labor and is not costly.

It is obvious that minor changes may be made in the form and construction of the invention without departing from the material spirit thereof. It is not, however, desired to confine the invention to the exact form herein shown and described, but it is desired to include all such as properly come within the scope claimed.

The invention having been thus described, what is claimed as new and desired to secure by Letters Patent is:

1. A snow rake comprising:
   (a) an elongated generally rectangular single, integral main body of resilient low density foamed thermoplastic material, said main body having a broad front surface and broad back surface, and at least one narrow scraping edge, said front surface having a shallow front recess, said back surface having a shallow back recess,
   (b) a rigid flat front plate of high density solid thermoplastic material which lies in said front recess,
   (c) a rigid flat back plate of high density solid thermoplastic material which lies in said back recess,
   (d) an elongated handle which is removably attached to said back plate so that the handle extends substantially at a right angle to said back surface, and
   (e) connecting means for fixing said front plate to said back plate so that said main body is clamped between said front and back plates.

2. A snow rake as recited in claim 1, wherein the thermoplastic material of said main body is polyethylene.

3. A snow rake as recited in claim 1, wherein said main body has a central bore which extends at a right angle to said front and back surfaces, said back plate has a tubular projection which extends into said bore, said tubular projection has internal threads and a rearwardly facing opening and, wherein one end of said handle has external threads for screwing into said tubular projection.

4. A snow rake as recited in claim 1, wherein said main body has at least one aperture which extends from said front plate to said back plate, wherein one of said plates has at least one projection which extends to the other of said plates and, wherein said projection is connected to the other of said plates by fastening means.

5. A snow rake as recited in claim 4, wherein said projection is a primary projection and the other of said plates has a tubular projection which receives said primary projection in a telescoping fit.

6. A snow rake comprising:
   (a) an elongated generally rectangular single integral main body of relatively soft thermoplastic material, said main body having a broad front surface and a broad back surface, at least one narrow scraping edge, a central aperture and at least one secondary aperture,
   (b) a flat front plate of relatively hard thermoplastic material which lies against said broad front surface, said front plate having a central projection which extends into said central aperture and a secondary projection which extends rearwardly into said secondary aperture, said central projection has a threaded bore and a front opening to the bore,
   (c) a flat rear plate of relatively hard thermoplastic material which lies against said back surface, said

5,067,197

| 5 | 6 |

back plate having at least one secondary projection which extends forwardly into said secondary aperture for engaging the secondary projection of said front plate, and

(d) fastening means for fixing the secondary projection of said back plate to the secondary projection of said front plate so that said main body is clamped between said front and back plates.

7. A snow rake as recited in claim 6, wherein one of said secondary projections has a bore and an opening to the bore and the other of said secondary projections extends into the bore of said one projection in a telescoping fit.

8. A snow rake as recited in claim 7, wherein said fastening means is a screw which extends freely through one of said secondary projections and is threaded into the other of said secondary projections.

* * * * *

05-40009

℅JS 44  (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
ANGEL GUARD PRODUCTS, INC.

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number) L.M. CIAVARRA
Bowditch & Dewey LLP, 311 Main Street,
Worcester, MA 01615  /  (508) 926-3408

## DEFENDANTS
HOPKINS MANUFACTURING COMPANY, INC.

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☒ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  |  |
|  | ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition |  |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
35 U.S.C. sec. 281 et. seq.
Brief description of cause:
Patent Infringement

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE: January 13, 2005
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**05-40009**

1. Title of case (name of first party on each side only) __ANGEL GUARD PRODUCTS, INC. v. HOPKINS MANUFACTURING COMPANY, INC.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ___ I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_ II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,      *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.         for patent, trademark or copyright cases

   ___ III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

   ___ IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

   ___ V.    150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   __N/A__

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES ☐    NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES ☐    NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES ☐    NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES ☐    NO ☒

7. Do **all** of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES ☒    NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?

   Eastern Division ☐    Central Division ☒    Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

   Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES ☐    NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME ____Louis M. Ciavarra____
ADDRESS __Bowditch & Dewey LLP, 311 Main Street, P.O. Box 15156, Worcester, Massachusetts 01615-0156__
TELEPHONE NO. ____(508) 926-3408____

(Coversheetlocal[1].wpd - 10/17/02)

{J:\CLIENTS\lit\011245\0100\00500472.DOC;1}